UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| NEUTONE RECORDINGS,<br><br>               Plaintiff,<br><br>v.<br><br><br>DREAMWORKS SKG,<br>DREAMWORKS, INC.,<br>DREAMWORKS DISTRIBUTION, LLC,<br>DREAMWORKS PRODUCTIONS, LLC,<br>DREAMWORKS INTERNATIONAL<br>  DISTRIBUTION, LLC,<br>DREAMWORKS, LLC,<br>DREAMWORKS FILMS, LLC,<br>HOME BOX OFFICE, INC.,<br>LATIN MUSIC ENTERTAINMENT,<br>and DIMELO! RECORDS,<br><br>               Defendants. | CIVIL ACTION No. 05-CV-10807 NG |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION
TO DISMISS FOR FAILURE TO NAME THE CORRECT PARTY**

Defendants DreamWorks Distribution LLC, DreamWorks Productions, LLC,

DreamWorks International Distribution, LLC, DreamWorks, LLC, Home Box Office, Inc., Latin

Music Entertainment, Inc. and Dimelo! Records respectfully submit this memorandum in support

of their motion, pursuant to Fed. R. Civ. P. 12(b)(6) and 17(b), to dismiss the plaintiff's state law

claims, Counts 37-46 of the complaint, because the named plaintiff, Neutone Recordings

("Neutone"), has failed to name its two general partners as plaintiffs.

**Factual Background**

Roger Mouzakis and Darlene Gray formed Neutone as a general partnership and start-up

record label in Atkinson, New Hampshire in 2001.  Complaint, ¶15; Affidavit of John A. Shope,

Ex. C, Materials obtained from Neutone website.  In April 2005, Neutone filed a forty-six (46)

count complaint in this Court against the ten defendants seeking a declaratory judgment of copyright ownership and alleging infringement of Neutone's copyrights to the song "El Mambo," which was used for thirty-four (34) seconds as interrupted background music in a dance scene in the motion picture "The Tuxedo," staring Jackie Chan.  Mouzakis and Gray were not named as plaintiffs.  Neutone's complaint alleged subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332, as well as a federal question, 28 U.S.C. § 1331, citing the Copyright Act, 17 U.S.C. § 101.  Of the forty-six counts, the first thirty-six sound in copyright infringement, but the rest are simply labeled "Declaratory Relief" and the legal basis for such counts is not identified.  Notwithstanding inquiries, plaintiff's counsel has failed to advise whether the complaint intends to assert claims under state law.

### <u>Argument</u>

Although plaintiff's counsel has failed or refused to identify the legal basis for Counts XXXVII through XLVI (37-46) of the Complaint, most or all of them essentially seek to establish plaintiff's ownership of title in the musical work "El Mambo" and the sound recording made of that work, and its entitlement to the benefits of that ownership (such as participation in ASCAP revenues).  Such claims do not arise under federal law.

The standard formulation for deciding what claims sound in copyright is stated in <u>T. B. Harms Co. v. Eliscu</u>, 339 F.2d 823, 828 (2nd Cir.1964) (Friendly, J.):

> [A]n action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, … or asserts a claim requiring construction of the Act, …or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim. The general interest that copyrights, like all other forms of property, should be enjoyed by their true owner is not enough to meet this last test.

<u>see also</u> <u>Bassett v. Mashantucket Pequot Tribe</u>, 204 F.3d 343, 355 (2d Cir. 2000) (reaffirming standard articulated in <u>T.B. Harms Co.</u>); <u>accord</u> <u>Royal v. Leading Edge Prod., Inc.</u>, 833 F.2d 1, 2

(1st Cir. 1987). Claims relating to copyright ownership arise under state law, not federal. Royal, 833 F.2d at 4; see also Briarpatch Ltd. L.P. v. Geisler Roberdeau, Inc., 194 F. Supp. 2d 246, 255 (S.D.N.Y. 2002) (holding complaint failed to raise federal claims because action for declaration of ownership interest in copyrights "is a traditional state court property dispute which does not necessarily confer federal copyright jurisdiction"); Noble v. Great Brands of Europe, Inc., 949 F.Supp. 183, 185 (S.D.N.Y. 1996) (stating that "federal jurisdiction does not attach to a claim involving . . . the ownership of a copyright").

The state law claims in Neutone's complaint should be dismissed because Neutone lacks the capacity under both federal and state law to bring them. According to Fed. R. Civ. P. 17(b), the capacity of a partnership "to sue or be sued shall be determined by the law of the state in which the district court is held." See In re Vento Dev. Corp., 560 F.2d 2, 4 (1st Cir. 1977). The only exception to this rule is when the partnership is attempting to enforce "a substantive right existing under the Constitution or laws of the United States." Fed. R. Civ. P. 17(b). In this case, Neutone is certainly seeking in Counts 1-36 of its Complaint to enforce a substantive right under the laws of the United States, namely the Copyright Act. But in Counts 36-46 it is seeking to establish ownership, as a matter of state law.

Although the claims of ownership likely do not arise under the laws of Massachusetts, to which Neutone merely relocated after purchasing the rights on which it relies, the Court of course sits in Massachusetts. Massachusetts holds that, "[a] general partnership is merely an association of two or more persons to carry on as co-owners a business for profit." Fusco v. Rocky Mountain I Investments Ltd. P'ship, 677 N.E.2d 1165, 1169 (Mass.App.Ct. 1997). "It is a private consensual arrangement with no notice of that arrangement to the world as in the case of limited partnerships and corporations." Id. As a result, "as a matter of pleading, 'with certain

exceptions . . . all partners must be parties to a suit involving partnership rights.'" Gorovitz v. Planning Bd. of Nantucket, 475 N.E.2d 377, 380 (Mass. 1985) (quoting Shapira v. Budish, 175 N.E. 159, 161 (Mass. 1931)).

In this case, it is uncontested that Neutone is a general partnership, with Mouzakis and Gray as its only partners.  When faced with an analogous case involving a plaintiff that failed to name its general partners, Judge Zobel surveyed Massachusetts law and concluded that the partnership "is not the correct party but that the action must be prosecuted in the names of the general partners." Guest Quarters Hotels Ltd. P'Ship v. Kaufman, 1990 U.S. Dist. Lexis 8678, 4 (D.Mass. 1990).  Without naming the general partners as plaintiffs, the partnership itself has no legal authority to bring the state law claims alleged in the complaint and therefore lacks standing. See First Hartford Realty Corp. v. Corporate Prop. Investors, 423 N.E.2d 1020, 1021 (Mass.App.Ct. 1981) (affirming dismissal on ground that partnership "had no standing to maintain the action," because general partner "was the appropriate plaintiff when the action began"); see also Zee-Bar, Inc. -- N.H. v. Kaplan, 792 F.Supp. 895, 900 (D.N.H. 1992) (dismissing claims against defendant partnership because plaintiffs failed to name individual partners).

At the very least, Neutone should be required to amend the complaint to add both Mouzakis and Gray.  See Roberts-Haverhill Assoc. v. City Council of Haverhill, 319 N.E.2d 916, 920 (Mass.App.Ct. 1974) (stating that complaint should be amended because it "was improperly brought in the name of a partnership without naming or disclosing the identity of any of the individual partners").

## Conclusion

For the reasons stated above, the defendants respectfully request that the state law claims, Counts 37-46, be dismissed or, in the alternative, that Neutone be ordered to amend the complaint to substitute Mouzakis and Gray as plaintiffs.

| | |
|---|---|
| LATIN MUSIC ENTERTAINMENT, and DIMELO! RECORDS, | DREAMWORKS DISTRIBUTION, LLC, DREAMWORKS PRODUCTIONS, LLC, DREAMWORKS INTERNATIONAL DISTRIBUTION, LLC, DREAMWORKS LLC, and HOME BOX OFFICE, INC., |
| By their attorney, | By their attorneys, |
| **/s/ William S. Strong** | **/s/ Gabriel M. Helmer** |
| William S. Strong (BBO No. 483520) KOTIN, CRABTREE & STRONG, LLP One Bowdoin Square Boston, Massachusetts 02114 (617) 227-7031 | John A. Shope (BBO No. 562056) Gabriel M. Helmer (BBO No. 652640) Michael C. Martin (BBO No. 653876) FOLEY HOAG LLP 155 Seaport Blvd. Boston, Massachusetts  02210 (617) 832-1000 |

| | |
|---|---|
| **CERTIFICATE OF COUNSEL** | **CERTIFICATE OF SERVICE** |
| Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that on July 26, 2005, John A. Shope, Esquire, counsel for the DreamWorks defendants and HBO, attempted to confer with William H. Carroll, Esquire, counsel for Neutone Recordings, in a good faith attempt to resolve the issues raised in this motion and was unable to resolve this matter. | I hereby certify that on the 27th day of July, 2005, I caused a true copy of the above document to be served upon William Carroll, Esquire, counsel for Neutone Recordings, by facsimile and mail. |
| **/s/ Gabriel M. Helmer** | **/s/ Gabriel M. Helmer** |
| Gabriel M. Helmer | Gabriel M. Helmer |

B3074714.1